BEFORE THE THIRD DIVISION, MARCH 4, 1942

**No. 46999.**—Protest 8421–K of International General Electric Co. (San Francisco).

Opinion by KEEFE, J. It appeared that these articles were manufactured in Canada and were sent to Canton Island, of the Phoenix group, via San Francisco. When the goods crossed the border at Port Huron, Mich., an immediate transportation entry was made by the customs brokers, under which the equipment was consigned to the collector of customs at San Francisco as the final designation. Upon arrival there another customs broker, acting for the plaintiff, attempted to file an export entry, which entry was rejected by the collector on the ground that Canton Island is part of the United States and that therefore the shipment would not constitute an exportation. In order to obtain possession of the goods the customs broker filed a consumption entry and paid the duty, and the goods were shipped to Canton Island. This protest is filed to obtain refund of such duty. Counsel for the plaintiff contends that the entry for consumption was made under duress and that under such circumstances there was no importation and therefore no duty assessable (*Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T. D. 31007). In view of *Colonial Import & Export Co.* v. *United States* (5 id. 137, T. D. 34190) the court was of the opinion that there was no duress in this case if the plaintiff was "subjected to no other compulsion than a demand that he do that which he legally ought to do" in order to obtain possession of his goods. The question arises as to whether the United States or the United Kingdom is the owner of the island. From one of the exhibits it appeared that the countries had joint control and that neither government waives its claim to the island. The plaintiff having

failed to prove ownership of Canton Island it was held that it failed to sustain its burden of proving that the action of the collector was illegal. It was also held that plaintiff's claim that there was no intent to import the merchandise was not sustained for the reason that the goods were imported and consumption entry was made. No evidence was produced showing that the plaintiff was subjected to any compulsion. It was therefore found that the collector's action did not amount to duress. On the record presented the protest was overruled.